UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPHINE MILLER,                : | |
|     Plaintiff,                        : | CIVIL ACTION NO. |
|                                : | 3:12-CV-01287 (VLB) |
| v.                                 : | |
| BRIDGEPORT BOARD OF EDUCATION  : | |
| and MARK ANASTASI,               : | |
|     Defendants.                : | March 19, 2014 |

**MEMORANDUM OF DECISION DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO AMEND/CORRECT THE AMENDED COMPLAINT [Dkt. #31]**

I.      **Introduction and Factual Background**

This action currently encompasses two counts of racial discrimination in the making or enforcement of contracts pursuant to 42 U.S.C. § 1981 stemming from the Bridgeport Board of Education's alleged non-payment for services rendered by the Plaintiff. On November 30, 2012 the Defendants moved to dismiss the Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, and the Court granted the motion on July 30, 2013, allowing the Plaintiff leave to replead. Miller timely filed an Amended Complaint. The Defendants then moved to dismiss Miller's Amended Complaint for failure to cure the deficiencies articulated in the Court's ruling on the first motion to dismiss. The Court recently denied the Defendants' motion. Currently pending before the Court is Miller's Motion to Amend/Correct the Amended Complaint to add four new claims stemming from several additional

1

incidents involving the Bridgeport City Attorney's Office.  For the reasons that follow, Plaintiff's Motion to Amend is DENIED in part and GRANTED in part.

II.     Legal Standard

Federal Rule of Civil Procedure 15, which governs Amended and Supplemental Pleadings, provides that a party may amend a pleading at this juncture "only with the opposing party's written consent or with the court's leave," which should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "it is within the sound discretion of the district court to grant or deny leave to amend."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  A court should deny leave to amend only upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002) (same).  "Granting leave to amend is futile if it appears that plaintiff cannot address the deficiencies identified by the court and allege facts sufficient to support the claim."  *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 347 F. App'x 617, 622 (2d Cir. 2009).  A proposed amendment is also futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6).  *Dougherty*, 282 F.3d at 88.  *See also Basile v. Connolly*, 538 F. App'x 5, 8 (2d Cir. Sept. 3, 2013) ("while a district court generally should not dismiss a pro se complaint without granting the plaintiff leave to amend, such leave is not necessary when it would be futile.").

2

III.     Analysis

This action currently encompasses two 42 U.S.C. § 1981 claims: one against Mark Anastasi, the Bridgeport City Attorney, in his individual capacity, and a second count for municipal liability against the Bridgeport Board of Education and Mr. Anastasi in his official capacity. The action stems from Miller's legal representation beginning in 2010 of Andrew Cimmino, a Board of Education employee who is a defendant in a federal action. Miller alleges that while the Board willingly paid Cimmino's first attorney, who was Caucasian, pursuant to Connecticut's statute governing indemnity of municipal employees, Conn. Gen. Stat. § 7-101a, the Board has refused to pay her for the same services after her assumption of Cimmino's defense.

Miller now seeks to add four new claims to her complaint. First, she proposes to add quantum meruit and unjust enrichment claims against the Bridgeport Office of the City Attorney stemming from the City's alleged non-payment of Plaintiff's representation fees in an entirely separate action filed in state superior court against Bridgeport employee Gilberto Valentin. Miller has represented Valentin in that action since March 2010 and has allegedly received no compensation from the City of Bridgeport. As in this action, she claims payment is due to her pursuant to the City's duty to Valentin pursuant to Conn. Gen. Stat. § 7-101a.

Plaintiff also proposes to add a claim for tortious interference with contract against Mark Anastasi, John Mitola, Errol Skyers, and Russell Liskov in their individual and official capacities, stemming from a conversation she had with

3

Assistant City Attorney Errol Skyers on October 22, 2013.  Miller alleges that Skyers told her that "her name was on a 'no pay' list as regards the Bridgeport City Attorney," which "meant that Plaintiff was an attorney with whom the Office of the City Attorney would not settle any case." [Dkt. 31, Proposed Second Am. Compl. ¶¶1, 3].  Skyers allegedly explained that "certain attorneys who have multiple cases against the City of Bridgeport would not be permitted to have their cases settled under any circumstances."  [*Id*. at ¶5].  Earlier in October, one of Miller's clients told her that he had had a conversation with Assistant City Attorney Russell Liskov because the client had been named as an individual defendant along with the City in a civil action.  [*Id*. at ¶¶6-7].  The client told Liskov that he believed a conflict of interest would arise if the City Attorney's Office were to represent him, as he had been terminated by the City and had filed a complaint with the Commission on Human Rights and Opportunities, in which proceeding Miller represented him, and that he was about to file a federal court action.  [*Id*. at ¶¶8, 10].  Liskov allegedly told Miller's client that he should not employ Miller, that she was often reversed on decisions entered in her favor, and that the client should employ a different attorney.  [*Id*. at ¶11].  Miller claims that these two incidents combined demonstrate "evidence of a plan, and purpose of the Office of the Bridgeport City Attorney to interfere with Plaintiff's business relationships with her clients."  [*Id*. at ¶17].

Lastly, Miller incorporates each of these incidents, including the alleged non-payment for services rendered to Cimmino currently at issue in this litigation, to allege civil conspiracy pursuant to 42 U.S.C. § 1985.  She claims that

4

the "Defendant municipal agencies, municipal officers, municipal attorneys and outside attorneys and others in the legal profession committed overt acts in furtherance of such conspiracy," including that the "Defendant municipal agencies refused to compensate Plaintiff for valuable legal services performed by her on behalf of city employees while compensating Caucasian attorneys for the same or similar legal services; Defendant municipal officers and attorneys placed Plaintiff on a 'no pay' list in order to discourage clients from utilizing Plaintiff; Defendant municipal officers and attorneys tortuously [sic] interfered with Plaintiff's business relationship with her clients in order to discourage them from utilizing her services; Defendant municipal attorneys encouraged Plaintiff's clients to utilize a Caucasian attorney with whom they would prefer to deal while discouraging said clients from utilizing Plaintiff," among other things. [*Id.* at ¶105]. She claims that these acts have deprived her of the same rights to engage in the making and enforcement of contracts as are afforded to Caucasian citizens. [*Id.* at ¶107].

Plaintiff's request to amend her complaint to add these new claims is DENIED in part and GRANTED in part.

First, Plaintiff is seeking to amend to assert claims that arise out of separate and distinct factual bases than those encompassed in her currently operative Amended Complaint involving Plaintiff's representation of City employees in separate underlying cases. These allegations do not share a nucleus of common fact such that they should be incorporated into the current action.

**Second,** Plaintiff's allegations are insufficient to allege a conspiracy against her.  A conspiracy is "an agreement between two or more individuals where one acts in further[ance] of the objective of the conspiracy and each member has knowledge of the nature and scope of the agreement."  *Martinez v. Cnty. of Suffolk*, 11-CV-5113 ADS WD, 2014 WL 775058, at *5 (E.D.N.Y. Feb. 27, 2014).  To maintain an action under section 1985, a plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end."  *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (citation omitted).  Miller has not alleged, except in the most conclusory fashion, that any meeting of the minds occurred among any or all of the defendants either currently existing in this lawsuit or those proposed to be added.  While Miller alleges that various Bridgeport City attorneys were involved in the alleged conspiracy, she has utterly failed to connect either the attorneys or the incidents she alleges to be involved.  Moreover, although she alleges that this conspiracy's goal was to deprive her of her right to make or enforce contracts based on her race, Miller has failed to allege any inference of discrimination in the new incidents she seeks to add to this action.  Indeed, none of her proposed quantum meruit, unjust enrichment, or tortious interference with contract claims allege *any* facts having to do with race in any way.[1]

**Third,** Miller's allegation that her inclusion on a "no pay" list, for instance, includes no allegation whatsoever that she was placed on this list because she is

---

[1] The Court notes that at least one of the attorneys Miller claims to have been involved in this conspiracy to deprive her of her rights because of her race is a minority.

6

African American; rather, Miller's own proposed amended pleading admits, by implication, that the reason she is on such a list is because she often represents clients suing the City of Bridgeport, which also indicates that Miller *may* have a conflict of interest with the City of Bridgeport.  An attorney may be disqualified from representing a client in a particular case if (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues of the present action; and (3) attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of the prior representation of the client.  *Colorpix Systems of Am. v. Broan Mfg. Co., Inc.*, 131 F. Supp. 2d 331, 336 (D. Conn. 2001) (citing *U.S. v. DiTommaso*, 817 F.2d 201, 219 (2d Cir. 1987)).  In *Colorpix Systems of Am. v. Broan Mfg. Co., Inc.* the court, citing to Rule 1.9 of the Connecticut Rules of Professional Conduct, found that  under Connecticut law, there was sufficient indicia of a "vicarious" attorney-client relationship between a manufacturer defending a subrogation action brought on a product liability theory and law firm which had represented the manufacturer's parent and sister company in a prior subrogation action brought on same theory, to trigger an inquiry into a potential conflict of interest in the firm's representation of the insurer in the subject action. The court noted that any judgment against the manufacturer would directly and adversely affect the parent's bottom line, the parent's general counsel supervised the manufacturer's defense, and the manufacturer and parent shared identity of interest in that they shared one legal department, officers, and defense strategy

7

in such cases.  131 F. Supp. 2d 331 (D. Conn. 2001).  While the record does not indicate the nature of the various representations, it is not inconceivable for example that an attorney who represented the City would be privy to information which would be adverse to its interests in a subsequent action against the City.  The Plaintiff's proposed amended complaint triggers an inference of conflict of interest.

The Plaintiff's failure to allege an agreement between two or more individuals in furtherance of achieving the unlawful end of depriving Miller of the right to make and enforce contracts due to her race, particularly when combined with her admission of facts raising the spector of a legitimate non-discriminatory reason for the actions about which she complains, renders the proposed amendment futile; while amendment to include claims unrelated to the claims at issue here is procedurally improper.  The motion to amend her complaint to add these four new claims is thus DENIED.

Miller has, however, faintly alleged that her proposed conspiracy claim is based on the incident currently at issue in this case: her representation of Cimmino and her subsequent non-payment by the City of Bridgeport.  As this Court has found that she has minimally met the pleading standard for her individual and official capacity claims pursuant to 42 U.S.C. § 1981, Miller may amend the currently operative Amended Complaint to allege a conspiracy claim relating to the allegations currently at issue in this action only.

IV.     **Conclusion**

For the foregoing reasons, Plaintiff's request to amend the Amended Complaint to add four new claims is DENIED.  However, the Plaintiff may amend the Amended Complaint *solely* to add a conspiracy claim arising from the events at issue in this case, provided that such proposed amended complaint must assert facts which constitute each of the essential elements of a conspiracy claim.  The Plaintiff must file her Second Amended Complaint within fourteen (14) days of the date of this order which is not later than April 3, 2014.  The Court reminds the parties that the Scheduling Order articulated at docket entry 28 remains operative.

                                              IT IS SO ORDERED.

                                             _____/s/_____
                                             Hon. Vanessa L. Bryant
                                             United States District Judge

Dated at Hartford, Connecticut: March 19, 2014